CARROLL, DONALD, Judge.
This is an appeal from a final summary judgment entered against the appellant, Stoudt, in his action against the appellees, a finance company and an insurance company, for money which he claims is due to him under a policy of collision insurance on his wrecked automobile.
Stoudt purchased a new Plymouth under a conditional sales contract from a motor company in Pensacola on Janrtary 24, 1958, for $3,824.90. His trade-in covered $1,-336.90 of the purchase price, and he executed a promissory note in the face amount of $3,263.10 to cover the balance of the purchase price, the cost of the required collision insurance, and other financing charges. That same day, the promissory *439 note was discounted and the conditional sales contract was assigned to the appel-lee finance company, and a policy of collision insurance was issued by the ap-pellee insurance company purporting to cover the interests of the finance company and Stoudt in the automobile, “as their interests may appear”, up to the actual cash value of the automobile less $50.00.
On January 29, 1958, five days after its purchase, the automobile was involved in a serious wreck while Stoudt was towing for payment another car with his said automobile. The appellee insurance company does not deny that proper notice was given to it promptly after the accident, but, for some unexplained reason, payment in accordance with the policy provisions was delayed for about a year after the accident. During this period of time, Stoudt defaulted in his payments on the promissory note and the wrecked automobile was repossessed by the finance company. As a part of the repossession transaction, Stoudt and the finance company entered into an agreement containing the following provisions:
“Purchaser hereby waives each and every provision of Section 10 of ‘The Motor Vehicle Sales Finance Act’ of Florida [F.S.A. § 520.11] relating to repossession and hereby agrees (a) that Holder may sell the aforesaid Motor Vehicle at any time without notice to Purchaser and without accounting to Purchaser for the proceeds of any such sale, and (b) that Holder may, if it so elects, retain said Motor Vehicle as its own without accounting to Purchaser
“Holder hereby releases Purchaser from his obligation to pay any deficiency that may result if the proceeds of any sale of the above described Motor Vehicle are less than the balance due.”
Thereafter, the insurance company paid $2,345.54 to the finance company for damage to the automobile in accordance with the policy of collision insurance. No payment was made to Stoudt by either .company. This lawsuit then ensued.
The appellant contends that the entry of the final judgment against him was error because the liability of the insurance company as to him was fixed on the day of the accident and that his subsequent release to the finance company of his interest in the car did not alter that liability. Further, he asserts that his use of the car on the day of the accident did not violate the terms of the policy.
The appellees argue that they were entitled to the final summary judgment on either of two grounds: (1) the appellant was barred from recovery under the terms of the policy by his admission that he was using the automobile for business purposes at the time of the accident; (2) the agreement between the appellant and the finance company divested him of any interest he may have had in the automobile, thus relieving the insurance company from its obligation to him.
The first contention raises an interesting question as to whether an occasional or emergency business use of an automobile constitutes a “business use” within the terms of this insurance policy so as to bar recovery to Stoudt whose coverage was limited by the exclusionary statement in the policy “not used for business”. However, we are not required to dispose of this question here because we think that the subsequent payment by the insurance company to the finance company under the policy constitutes a waiver of this qualification. 18 Fla. Jur., Insurance, Section 252.
The principal ground urged in support of the judgment is that Stoudt released his interest in the automobile to the finance company by virtue of the repossession agreement. This may well be true but under the terms of the policy the liability of the insurance company to the appellant and the finance company was established on the *440 day that it received notice of the accident, which was considerably before the repossession agreement was executed. Careful examination of that agreement reveals that it does not convey the appellant’s claim against the insurance company but merely conveys to the finance company his interest in the wrecked automobile.
For the above reasons the judgment appealed from is reversed and the cause is remanded with directions for further proceedings consistent herewith.
Reversed with directions.
WIGGINTON, C. J., and STURGIS, J., concur